IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A METAL SOURCE, LLC | ) | CASE NO.: 14 CV 1020 |
| | ) | |
| Plaintiff | ) | JUDGE: |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS GERALD KLOCKER | ) | **COMPLAINT WITH JURY DEMAND** |
| | ) | |
| and | ) | |
| | ) | |
| ALL METAL SALES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Now come the Plaintiff, by and through undersigned Counsel, and for its Complaint against the Defendants hereby allege and aver as follows:

## THE PARTIES

1. The Plaintiff, A Metal Source, LLC, is an Ohio limited liability company with its principal place of business in Westlake, Ohio.

2. The Defendant, Thomas Gerald Klocker, is a U.S. citizen and resides in Lakewood, Ohio.

3. The Defendant, All Metal Sales, Inc. is an Ohio corporation with its principal place of business in Westlake, Ohio.

## JURISDICTION AND VENUE

4. Plaintiff brings this action for cybersquatting under the Anti-Cybersquatting Consumer Protection Act (the "ACPA"), pursuant to the Lanham Act, 15 U.S.C. § 1125(d), and unfair competition pursuant to the Lanham Act, 15 U.S.C. §1125(a)(1).

5. This Court has subject matter jurisdiction over this matter under 15 U.S.C. § 1121.

6. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio and within this judicial district.

7. Venue is proper in the Northern District of Ohio because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as if fully rewritten herein.

9. Plaintiff A Metal Source, LLC ("Plaintiff" or "Plaintiff Company"), is a global distributor of metals and alloys, in different shapes and sizes, including but not limited to, flat bars, plates, hex bars, round bars, square bars, sheets, tubes, coil as well as other shapes and forms.

10. Defendant All Metal Sales, Inc. ("Defendant Company") is a competing business that also distributes metals.

11. Jessica Esparza, the owner of Plaintiff Company and Defendant Thomas Gerald Klocker, the owner of Defendant Company, are step-siblings.

12. Plaintiff was formerly known as "All Metal Source, LLC." On or about September 2, 2010, Plaintiff received a cease and desist letter from Defendant Company asserting that Defendant Company owned the right to the "All Metal" mark.

13. Pursuant to Defendants demand, and to avoid the expense of litigation, Plaintiff subsequently submitted a Certificate of Amendment to the Ohio Secretary of State, changing the name of the business to A Metal Source, LLC.

14. On or about October 14, 2010, Defendants filed an action against Plaintiff in this Court (Case No. 1:10-CV-02343), alleging various causes of action, including unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1)(A), violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §4165.01, *et seq.*; and unjust enrichment based upon Plaintiff's alleged infringement of Defendants' trademark "All Metal," "A Metal," "All" and its logo.

15. On January 7, 2012, after a two day trial, the twelve Jury members returned a unanimous verdict in favor of the Plaintiff, having answered "NO" to all ten interrogatories proposed to the panel.

16. On January 9, 2012, the District Court entered judgment in favor of Plaintiff on all ccounts brought in the underlying federal action and ordered Defendant Company to pay all costs.

17. On February 6, 2012, Defendant Company filed a motion for Judgment as a Matter of Law or For A New Trial in the underlying federal action. This motion was denied.

18. On January 7, 2013, Plaintiff and its owner Jessica Esparza filed a Complaint against Defendants in the Cuyahoga County Court of Common Pleas, alleging, in part, that Defendants intentionally interfered with Plaintiff's business relations and business contracts by misappropriating Plaintiff's sales and purchase reports, website strategies, confidential information, and other documents that Plaintiff had given to Defendant during the discovery phase of Defendant's federal lawsuit against Plaintiff. Plaintiff's Complaint also alleged Malicious Civil Prosecution, Unjust Enrichment, Intentional Infliction of Emotional Distress and Defamation. Case No. CV-13-798996.

19. Plaintiff owns trademarks for the marks "A Metal Source," and "All Metal Source." The mark "A METAL SOURCE" is registered at the United States Patent and Trademark Office ("USPTO"), registration number 4047248. <u>Exhibit A</u>. Both marks are registered with the State of Ohio, certification document numbers 201130101135 and 201329400333, respectively. <u>Exhibit B and Exhibit C, respectively.</u>

20. Plaintiff is the Domain Registrant of the domain name URLs http://AMetalSource.com and http://AllMetalSource.com, and operates a website at such domain name URLs in connection with its business.

21. In the afternoon of May 15, 2013, during the pendency of Plaintiff's State Court action, Defendant T.G. Klocker, acting alone, and on information and belief, with the assistance of employees of Defendant All Metal Sales, registered at least <u>28</u> infringing domain name URLs containing the phrases, "A METAL SOURCE," "ALL METAL SOURCE," and "METAL SOURCE." Defendant T.G. Klocker and Defendant All Metal Sales registered these domain name URLs using a website known as "GoDaddy.com," a Domain Registrar, and made such registration private by using a service provided by DomainsByProxy.com. By using this Private Domain Registration service provided by DomainsByProxy.com, Defendants were able to conceal their identities. <u>Exhibit D</u>. These 28 infringing domain name URLs have been purchased with an extended expiration date of May 2023 and are listed here as follows:

    1. AMetalSourceLLC.biz
    2. AMetalSourceLLC.com
    3. AMetalSourceLLC.co
    4. AMetalSourceLLC.info
    5. AMetalSourceLLC.net
    6. AMetalSourceLLC.org

      7.      AllMetalSourceLLC.biz
      8.      AllMetalSourceLLC.com
      9.      AllMetalSourceLLC.co
      10.     AllMetalSourceLLC.info
      11.     AllMetalSourceLLC.net
      12.     AllMetalSourceLLC.org

      13.     MetalSourceLLC.co
      14.     MetalSourceLLC.info
      15.     MetalSourceLLC.net
      16.     MetalSourceLLC.org

      17.     AMetalSourceInc.biz
      18.     AMetalSourceInc.com
      19.     AMetalSourceInc.co
      20.     AMetalSourceInc.info
      21.     AMetalSourceInc.net
      22.     AMetalSourceInc.org

      23.     AllMetalSourceInc.biz
      24.     AllMetalSourceInc.com
      25.     AllMetalSourceInc.co
      26.     AllMetalSourceInc.info
      27.     AllMetalSourceInc.net
      28.     AllMetalSourceInc.org

22. In the same afternoon, Defendants also purchased at least 63 other domain name URLs. Defendants, however, did not conceal their identity when they purchased these 63 domain name URLs. Exhibit E.

23. All 28 infringing domain name URLs and the 63 non-infringing domain name URLs were purchased and registered by Stephen James McGrath, an employee of Defendants.

24. Defendants clearly knew that their actions were illegal, their purpose was malicious, and the purchase of these 28 infringing domain name URLs would cause further damage to Plaintiff's already injured business.

5

25. Most outrageously, this wrongdoing by Defendants occurred during Plaintiff's State Court action to stop Defendants from interfering with Plaintiff's business relationships.

26. This wrongdoing by Defendants clearly demonstrates that Defendants have no fear of any repercussion.

27. Such malicious, intentional and injurious misconduct by Defendants must be stopped by this Honorable Court and must be punished by the law.

28. The actions by Defendants T.G. Klocker and All Metal Sales, Inc. are willful and intentional, done with the intent to damage Plaintiff.

## FIRST CAUSE OF ACTION

### *CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ACPA),* 15 U.S.C. §1125(d)

29. Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as if fully rewritten herein.

30. The infringing URL domain names registered by the Defendants are confusingly similar and functionally equivalent to Plaintiff's internet domain name URL, http://AMetalSource.com and http://AllMetalSource.com.

31. Defendants have an intention of bad faith to profit by willfully creating confusingly similar internet domain name URLs.

32. Through the actions described herein, Defendants knowingly registered, trafficked in, and/or used at least 28 infringing internet domain name URLs that were confusingly similar and functionally identical to Plaintiff's trademarks, domain name URLs, and company trade names.

33. Defendants had no intellectual property rights in these 28 purchased domain name URLs.

6

34. Defendants, by making their registration of these domain name URLs private, willfully concealed their identities. The Defendants purchased over 60 other domain names, on the same day Defendants purchased the infringing domain name URLs. When doing so, however, they included their contact information. Defendants then willfully concealed their identities when purchasing the infringing domain name URLs that were confusingly similar to Plaintiff's company name, showing that Defendants knew their actions were illegal.

35. These actions were especially malicious, considering that Defendant had previously brought an action against Plaintiff in federal court accusing Plaintiff of allegedly infringing upon Defendants' trademark. Defendants then, while Plaintiff's State Court action was pending, turned around and willfully infringed on Plaintiff's trademarks.

36. Defendants' purchase, registration, use, or trafficking in the infringing domain name URLs constitutes cybersquatting in violation of 15 U.S.C. §1125(d), entitling Plaintiff to relief.

37. As a direct and proximate result of Defendants T.G. Klocker and All Metal Sales' cybersquatting, Plaintiff has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION

*UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(A)*

38. Plaintiff incorporates by reference all paragraphs of this Complaint set forth above as if fully rewritten herein.

39. "A Metal Source" is Plaintiff's company name, and is a valid registered trademark both federally and in Ohio and is owned by Plaintiff. "All Metal Source" was a former trade

7

name of Plaintiff company, and is a valid registered trademark in the State of Ohio and is similarly owned by Plaintiff.

40. Defendants' use of the Plaintiff's "A METAL SOURCE," and "ALL METAL SOURCE" trademarks in its purchased and registered domain name URLs is likely to cause confusion, or cause mistake, or deceive as to the origin or sponsorship of Defendant Company's products and the association of Defendant's products with Plaintiff's products. Defendants' use of colorable imitations of Plaintiff's "A METAL SOURCE," and "ALL METAL SOURCE" trademarks and "METAL SOURCE," such as the designations in Defendants' purchased domain name URLs, was undertaken willfully and with the malicious intent to confuse and deceive the public and to divert business from Plaintiff Source.

41. As a direct and proximate result of Defendants' unfair competition under The Lanham Act, Plaintiff has suffered, and will continue to suffer, irreparable harm and damage by Defendants. Such harm will continue unless enjoined by this Honorable Court. Defendants' conduct violates 15 U.S.C. §1125(a)(1).

WHEREFORE, Plaintiff requests that this Court enter an Order in favor of the Plaintiff and against the Defendants as follows:

A. On the First Cause of Action, an award of statutory damages for violation of section 1125(d)(1) but no less than $50,000, plus interest;

B. On the Second Cause of Action, an award of no less than $50,000, plus interest;

C. Judgment against Defendants for preliminary and permanent injunction pursuant to 15 U.S.C. § 1116(a) enjoining and prohibiting the Defendants from infringing upon the Plaintiff's trademark rights;

D. That Defendants be ordered to transfer ownership and registration to Plaintiff of all purchased and registered domain name URLs that are confusingly similar to Plaintiff's "A METAL SOURCE," and "ALL METAL SOURCE" marks;

E. An award of attorney's fees, costs in this action, prejudgment interest, and post judgment interest for the Plaintiff;

F. An award of damages to the Plaintiff and against the Defendants for all damages sustained by Plaintiff, including the Plaintiff's profits, and potential profits;

G. Any such other and further relief as allowed at law or in equity that this Court deems just, appropriate and equitable.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury by the maximum number of jurors as permitted by law on all issues so triable.

    Respectfully submitted,

    /s/ Lei Jiang
    Lei Jiang, Esq. (0084847)
    Attorney for Plaintiff
    Lei Jiang, LLC
    26943 Westwood Road
    Westlake, Ohio 44145
    Telephone: (440) 835-2271
    Facsimile: (440) 835-2817
    Email: ljiang@leijianglaw.com
    Website: LeiJiangLaw.com