UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A Metal Source, LLC, | ) | Case No. 1:14-cv-01020-DAP |
| | ) | |
| Plaintiff, | ) | Judge Dan A. Polster |
| | ) | |
| vs. | ) | |
| | ) | |
| All Metal Sales, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## All-Metal's Response To Plaintiff's Brief re State Action

Plaintiff A Metal Source, LLC ("A-Metal") has filed an unsolicited "Brief" (ECF # 7) in which it tries to explain why this action is not duplicative of its pending state action against defendants All Metal Sales, Inc. and Thomas G. Klocker.[1] This brief explains why A-Metal's explanation is false and how the cases are duplicative.

## Background

### I. The Trademark Case

Tom Klocker has owned and run All Metal Sales, Inc. – a respected metal distributor in Westlake, Ohio – for over 14 years. (*See* Stip. of Fact ¶ 1, filed in *All Metal Sales, Inc. v. All Metal Source, LLC*, Case No. 1:10-cv-02343, ECF # 46, att'd as Ex. A.) It is a success. (*Id.* ¶ 3.)

Jessica Esparza – Tom's estranged step-sister – had owned two separate metal businesses that failed: Monarch E-Metals and Unlimited Metals. (*See* Stip. of Fact ¶ 8-10.)

---

[1] Unless context dictates otherwise, this brief refers to defendants collectively as "All-Metal."

On her third try, in 2010, she tried to capitalize on Tom's success by adopting the almost identical "All Metal Source, LLC" name, headquartering her business in Westlake, Ohio, and selling the same metal products as Tom's business. (*See id.* ¶ 11-14.)

It wasn't long before a customer – a buyer for the U.S. Navy – confused the two Westlake "All Metal" businesses and mistakenly contacted Jessica about an All-Metal quote. (Coolidge Dep.[2] 30:9-32:21, 33:14-35:24.) Rather than clear up the Navy's obvious confusion, Jessica confirmed that she wanted to cause confusion by continuing her charade to try and land a sale. (*Id.* 39:6-41:9, 42:20-25, 50:12-22.) The Navy buyer later testified at trial that she had been deceived by Jessica, that in her years of procuring material she "had never seen anything like this before," and that "it was clear" that Jessica aimed "to take the business for herself." (*Id.* 40:19-41:9, 50:23-51:6, 52:3-5.)

When the Navy complained to All-Metal, it sued for trademark infringement. A-Metal then changed its name from "All Metal Source, LLC" to "A Metal Source, LLC." But the market continued to confuse Jessica's business with Tom's business because All-Metal had used a distinctive capital "A" logo for over a decade, both businesses used the "AMS" acronym and were in Westlake, Ohio, and both sold the same metal products.[3]

A-Metal counterclaimed against All-Metal in the trademark case alleging that All-Metal's lawsuit was baseless and designed to destroy Jessica and her business. The court dismissed the counterclaim under Rule 12(b)(6), and A-Metal never appealed that

---

[2] A true copy of cited excerpts from the deposition transcript of Navy buyer Ancilla Garcia-Coolidge, taken in the federal trademark case and played for the jury at trial, is attached as Ex. B.
[3] A-Metal's confusing name choice continues to cause problems. As recently as May 2, 2014, a confused metal supplier sent an invoice intended for A-Metal to All-Metal. The invoice is attached as Ex. C.

dismissal. The case went to trial before Judge Donald Nugent in January 2012. At trial, A-Metal argued that "All Metal," "A Metal," and similar phrases were too descriptive to merit trademark protection and were public domain. The jury returned a no liability verdict in favor of A-Metal. In ruling on a post-verdict motion, Judge Nugent acknowledged that, although it lost, a reasonable jury could have decided in All-Metal's favor. (*See* May 19, 2012, Order at 7 ("the Court concludes that the evidence would permit reasonable minds to differ on the issues decided"), ECF # 76.)

**II.**   **The State Case**

In January 2013, Esparza and A-Metal sued All-Metal and Tom in state court, again claiming All-Metal's trademark case was baseless and malicious. All-Metal moved to dismiss on res judicata grounds based on the un-appealed dismissal of A-Metal's counterclaim in the trademark case. A-Metal then tried to draft around that defense by amending its complaint with conclusory (and false) allegations that, outside of litigation, All-Metal had defamed A-Metal and tortiously interfered with A-Metal customers.

While the state case was pending, All-Metal purchased domain names that contained its All-Metal name and similar variations of that name. All-Metal has never done anything with those domain names other than own them. It has never placed a website at the domains or used the domains as a re-direct to another website. All of those domains were unused both prior to and after All-Metal's purchase. Thus, to the marketplace, nothing changed when All-Metal bought the domains.

Discovery ended in the state case without A-Metal identifying a single actual or prospective customer that chose not to do business with A-Metal because of something

that All-Metal did. All-Metal moved for summary judgment on that ground and others. In response, A-Metal relied on All-Metal's purchase of domain names to argue that All-Metal's buying – but not using – these domain names somehow enriched All-Metal and caused A-Metal to lose customers and sales. All-Metal's summary judgment motion is fully briefed and ripe for decision by the state court. Trial is set for June 23, 2014.

### Argument

A-Metal bases this case entirely on All-Metal's innocent purchase of domain names. This is the same occurrence on which it seeks relief in the state case. Thus, A-Metal has elected to seek relief for that occurrence in a state forum under state law. Contrary to what A-Metal argues, there is no jurisdictional rationale for simultaneously proceeding in state and federal courts on the same alleged occurrence. To the contrary, the laws are designed so that state and federal trademark-type claims can be heard in a single forum, whether it be state or federal court. *See Keith A. Keisser Ins. Agency, Inc. v. Nationwide Mut. Ins. Co.*, 246 F. Supp. 2d 833, 836 (N.D. Ohio 2003) (noting that "Ohio courts have concurrent jurisdiction" over Lanham Act claims); 28 U.S.C. § 1367(a) (allowing federal district court to exercise "supplemental jurisdiction" over related state law claims). Having chosen to seek relief in a state court under state law, for fairness and efficiency reasons, A-Metal should not be permitted to proceed in a concurrent and duplicative federal proceeding.

All-Metal continues to research the law on this issue and will set forth a more developed argument, if appropriate, when it responds to the complaint that A-Metal has not yet served.

Respectfully submitted,

Dated: May 27, 2014

   s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for All Metal Sales, Inc.*

Certificate of Service

I hereby certify that on May 27, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

   s/ Matthew J. Cavanagh
*Counsel for*
*All Metal Sales, Inc.*