UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A Metal Source, LLC, | ) | Case No. 1:14-CV-01020-DAP |
| | ) | |
| Plaintiff, | ) | Judge Dan A. Polster |
| | ) | |
| vs. | ) | |
| | ) | |
| All Metal Sales, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum in Support of All-Metal's Motion to Dismiss

Res judicata bars a party from suing on claims that it brought or could have brought in a prior action. The "could have brought" element is key to preserving limited judicial resources against claim-splitting, where a plaintiff sues on some claims, but reserves others for a second case if it loses the first case.

A Metal Source, LLC ("A-Metal") is engaging in the very type of claim-splitting that res judicata bars. A-Metal is suing All Metal Sales, Inc. ("All-Metal") and Tom Klocker for cyberpiracy and unfair competition under the Lanham Act, based on All-Metal's May 2013 domain name purchases. The problem for A-Metal is that it already sued All-Metal and Mr. Klocker for making those very same domain purchases in state court under state law and lost. Res judicata, therefore, bars A-Metal from suing the same defendants for that same occurrence under federal law. The Court should dismiss the entire case accordingly.

{4999663:}

**Background**

I.  **All-Metal's Trademark Case**

Tom Klocker has owned and run All Metal Sales, Inc. – a respected metal distributor in Westlake, Ohio – for over 14 years. (*See* Stip. of Fact ¶ 1, filed in *All Metal Sales, Inc. v. All Metal Source, LLC*, Case No. 1:10-cv-02343 ("*All Metal*") as ECF # 46, att'd as Ex. A.)[1] It is a success. (*Id.* ¶ 3.)

Jessica Esparza – Tom's estranged step-sister – had owned two separate metal businesses that failed: Monarch E-Metals and Unlimited Metals. (*See* Stip. of Fact ¶ 8-10.) On her third try, in 2010, she tried to capitalize on Tom's success by adopting the almost identical "All Metal Source, LLC" name, headquartering her business in Westlake, Ohio, and selling the same metal products as Tom's business. (*See id.* ¶ 11-14.)

All-Metal sued A-Metal for trademark infringement in this federal district court when the U.S. Navy – an established All-Metal customer – confused the two Westlake "All Metal" businesses and complained to All-Metal. A-Metal counterclaimed against All-Metal claiming that its lawsuit was baseless and designed to destroy A-Metal. The federal court dismissed A-Metal's counterclaim with prejudice because it had not identified any wrongful conduct by All-Metal. *See All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10-cv-2343, 2011 WL 867020, at *1-2 (N.D. Ohio Mar. 11, 2011).

The case went to trial before Judge Donald Nugent in January 2012. *See All Metal Sales, Inc. v. All Metal Source, LLC*, No. 1:10-cv-2343, 2012 WL 1831235, at *1 (N.D. Ohio May 18, 2012). The jury returned a no liability verdict in favor of A-Metal. (*Id.*) In ruling on a

---

[1] This Court may take judicial notice of filings from All-Metal's trademark lawsuit without converting this motion to one for summary judgment. (*See infra* p. 5.)

{4999663:}  2

post-verdict motion, Judge Nugent acknowledged that, although it lost, a reasonable jury could have decided in All-Metal's favor. *Id.* at *3. ("the Court concludes that the evidence would permit reasonable minds to differ on the issues decided").

## II.     The State Case

In January 2013, Jessica and A-Metal sued All-Metal and Tom in the Court of Common Pleas for Cuyahoga County, Ohio, making the same baseless claims A-Metal had previously made in the counterclaim dismissed by the federal court: that All-Metal's trademark case was baseless and malicious.[2] All-Metal moved to dismiss on res judicata grounds based on the un-appealed dismissal of A-Metal's counterclaim in the trademark case. A-Metal then tried to draft around that defense by amending its complaint a second time with conclusory (and false) allegations that, outside of litigation, All-Metal and Tom had defamed A-Metal and tortiously interfered with A-Metal customers.[3]

While the state case was pending, in May 2013, All-Metal purchased domain names that contained its All-Metal name and similar variations of its name. (*See* Compl. ¶ 21.)

Discovery ended in the state case without A-Metal identifying a single actual or prospective customer that chose not to do business with A-Metal because of something that All-Metal or Tom did. All-Metal and Tom jointly moved for summary judgment on that ground and others. In response, A-Metal relied on All-Metal's May 2013 purchase of domain names to argue that the purchase of those domain names constituted tortious interference with contract (Count 6), tortious interference with prospective contract

---

[2] A true copy of the docket (as it existed on July 21, 2014), the original complaint, and first amended complaint filed in the state case are attached as Exhibits B, C, and D, respectively.
[3] A true copy of A-Metal's second amended complaint in the state case is attached as Exhibit E.

(Count 7), and intentional infliction of emotional distress (Count 4). (A-Metal Opp. at 7-9 (citing domain name purchase as evidence supporting tortious interference with contract and prospective contract claims (Counts 6 and 7)); *id.* at 16 (citing domain name purchase as act supporting emotional distress claim).)[4]

In reply, All-Metal showed how its domain name purchases were not actionable because A-Metal never tied any lost sales to the domain names that All-Metal bought. That was because, All-Metal explained, it never did anything with the domain names that it bought, other than hold them. (All-Metal Reply at 5-7.)[5] It did not use them to redirect to its website or to host a website. (*Id.*) Typing the domains in a web browser merely leads to a dead page and, therefore, couldn't cause A-Metal to lose sales. (*Id.*)

On June 2, 2014, the state court granted All-Metal's summary judgment motion in its entirety. (June 2 Order.)[6] In doing so, the state court specifically rejected A-Metal's reliance on the domain name purchases as tortious interference evidence because it had no evidence of any actual or prospective business relationships or contracts that were lost, and the "testimony that a gentleman called their business with website confusion" was not evidence that business had been lost. (June 2 Order at 3.) The court also rejected the domain name purchases as evidence supporting an emotional distress claim because "such an activity does not arise to the level of extreme and outrageous" conduct needed to support such a claim. (*Id.*)

---

[4] A true copy of A-Metal's brief in opposition to All-Metal's summary judgment motion in the state case is attached as Exhibit F.
[5] A true copy of All-Metal's reply brief in support of summary judgment in the state case is attached as Exhibit G.
[6] A true copy of the state court's June 2, 2014, order granting final judgment to All-Metal is attached as Exhibit H.

**III.     The Cyberpiracy Case**

On May 14, 2014, before the state court ruled on All-Metal's summary judgment motion, A-Metal filed this lawsuit against All-Metal and Tom, alleging that All-Metal's May 2013 purchase of the domain names – the same set of facts it challenged in the state case under state law – constituted cyberpiracy and unfair competition under the Lanham Act.

Because A-Metal elected to seek relief for the domain name purchases in state court and lost, All-Metal and Tom now move to dismiss this case as barred by res judicata.

## Law and Argument

**I.     Rule 12(b)(6) Is Ideal For Disposing Of Claims Barred By Res Judicata**

The Court may take judicial notice of the relevant filings, orders, and judgments in a prior case without converting a motion to dismiss to one for summary judgment. *See Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). A Rule 12(b)(6) motion therefore is a proper mechanism for dismissing claims, such as the present ones, barred by res judicata. *See, e.g., Cadle Co. v. Reiner, Reiner & Bendett, P.C.,* 307 Fed.Appx. 884, 888-891 (6th Cir. 2009) (affirming Rule 12(b)(6) dismissal on res judicata grounds); *see also Burton v. Cleveland Empowerment Zone Office,* 271 F. Supp. 2d 1034 (N.D. Ohio 2003) (granting Rule 12(b)(6) dismissal).

In fact, Rule 12(b)(6) is ideal for that purpose because it and res judicata share the same goal: avoiding needless cost and effort. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (Rule 12(b)(6) is intended to stop implausible claims "at the point of minimum expenditure of time and money by the parties and the court"); *Parklane Hosiery*

*Co. v. Shore*, 439 U.S. 322, 326 (1979) (res judicata "promot[es] judicial economy by preventing needless litigation").

**II.     Res Judicata Bars All Of A-Metal's Claims**

    **A.     Res Judicata Is Decided By A Four-Element Test**

"Federal courts must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). The Ohio Supreme Court has held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The court explained:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Id.*, quoting Restatement (Second) Judgments § 24(1) (1982). Thus, "[r]es judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, ¶ 12.

Res judicata has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood*, 127 F.3d at 493.

### B. Res Judicata's Four-Element Test Is Satisfied Here

All four res judicata elements are present here.

First, the state court entered a final decision on the merits when, on June 2, 2014, it granted summary judgment to All-Metal and Tom on all of A-Metal's claims.[7] *See Hapgood*, 127 F.3d at 493-94 (summary judgment constitutes a valid, final judgment on the merits for res judicata purposes).

Second, this action involves the same parties as the first. The sole plaintiff here, A Metal Source, LLC, was plaintiff in the state action. And the two defendants here, All Metal Sales, Inc. and Thomas G. Klocker, were both defendants in the state action. (*See* State Court Docket, att'd as Ex. B.)

Third, this action raises claims that A-Metal could have raised in the state action. Ohio state courts have concurrent jurisdiction over Lanham Act claims. *Keith A. Keisser Ins. Agency, Inc. v. Nationwide Mut. Ins. Co.*, 246 F. Supp. 2d 833, 836 (N.D. Ohio 2003) (noting that "Ohio courts have concurrent jurisdiction" over Lanham Act claims); *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1394 (11th Cir. 1996). So A-Metal could have asserted the two Lanham Act claims that it raises here in state court.

Fourth, this second action arises out of the transaction or occurrence that was the subject matter of the previous action, namely All-Metal's May 2013 domain name purchases. (*Compare* A-Metal Opp. at 3 (stating All-Metal "purchased at least 28 domain names" in May 2013) *and* Exhibit 7 to A-Metal Opp. at 1-5[8] (identifying specific domain

---

[7] The state court's June 2, 2014, summary judgment decision is attached as Exhibit H.
[8] A true copy of pages 1-5 of Exhibit 7 to A-Metal's Brief in Opposition to All-Metal's Summary Judgment Motion in the state case is attached as Exhibit I.

names purchased by All-Metal that A-Metal challenged in state case) *with* Compl. ¶ 21 (identifying 28 domain names challenged in this case).) Indeed, that the state court specifically addressed the domain name purchases in its summary judgment order confirms that the parties previously litigated over the domain name purchases. (*See supra* p. 4.)

Therefore, all four elements of res judicata apply. Having chosen to proceed on state law claims against All-Metal and Tom for the May 2013 purchase of domain names, and having lost on those claims in state court, res judicata bars A-Metal from trying a second time to recover by using federal claims in this Court.

## Conclusion

For the foregoing reasons, the Court should dismiss both defendants with prejudice.

Respectfully submitted,

Dated: July 21, 2014

  s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400  | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for All Metal Sales, Inc. and Thomas G. Klocker*