UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A METAL SOURCE, LLC, | Case No. 1:14-CV-1020 |
| Plaintiff, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| ALL METAL SALES, INC . et al., | |
| Defendants. | |

Plaintiff A Metal Source, LLC ("A Metal Source" or "Plaintiff") owns the trademarks for the marks "A Metal Source" and "All Metal Source."  Plaintiff commenced this lawsuit against All Metal Sales, Inc. ("All Metal") and the owner of All Metal Sales, Thomas Klocker (together "Defendants"), alleging that  Mr. Klocker registered internet domain names that incorporate "A Metal Source," "All Metal Source" or "Metal Source."  Pending before the Court is Defendants' motion to dismiss on the ground that Plaintiff's claims are barred by res judicata.  For the reasons discussed below, Defendants' motion is GRANTED.

**I. Background**

1. The First Federal Action

Plaintiff A Metal Source is a global distributor of metals and alloys.  Defendant All Metal Sales is a competing business that also distributes metals.  Jessica Esparza, the owner of A Metal Source, and Defendant Thomas Klocker are step-siblings.  On October 14, 2010, All Metal Sales filed a trademark infringement action against A Metal Source in this Court, Case No.

1:10cv2343.  In January 2012, the case went to trial before Judge Donald Nugent, and the jury returned a verdict in favor of A Metal Source.

    2. The State Action

On January 7, 2013, Plaintiffs Jessica Esparanza and A Metal Source (together "Plaintiffs") instituted an action against Thomas Klocker and All Metal by filing a complaint in the Cuyahoga County Common Pleas Court, Case No. CV-13-798996 ("State Action").  On April 15, 2013, Plaintiffs filed a seconded amended complaint, asserting seven state law claims: malicious civil prosecution; vexatious litigator; unjust enrichment; intentional infliction of emotional distress; defamation; intentional interference with business relationships and; intentional interference with business contracts (Doc. # 16, Ex. E).[1]  According to Plaintiffs, "[t]he gist of [their] case was that Defendants engaged in a variety of misconduct with the intent to financially destroy [A Metal Source] and emotionally destroy ... Jessica Esparanza"; such as, instituting a "baseless federal trademark case" and misappropriating A Metal Source's customer information.  (Doc. # 17 at 3).

In November or December of 2013, while the State Action was pending, Plaintiffs discovered that in May of 2013 someone had anonymously registered twenty eight domain names that infringed on A Metal Source's trademarks.  At the time, Plaintiffs had reason to believe that Defendants had registered the domain names.  In January 2014, Plaintiffs subpoenaed the domain registrar, GoDaddy.com, and the private registration company, Domains By Proxy, for the registrant's identity.  In February 2014, GoDaddy.com and Domains By Proxy

---

[1]Plaintiffs subsequently filed a motion to withdraw four of the seven claims.  The court denied Plaintiffs' motion as moot when it issued its order granting summary judgment in favor of Defendants on all seven of Plaintiffs' claims. (Docket from State Action, Doc. # 16, Ex. B).

produced documents showing that Defendants had in fact registered the domain names.

On March 3, 2014, Defendants moved for summary judgment, and on March 28, 2014, Plaintiffs filed a brief opposing Defendants' motion. Therein, Plaintiffs pointed to Defendants' May 2013 purchase of the twenty eight domain names as evidence that Defendants had interfered with a contract or prospective contract of Plaintiffs and had intended to inflict emotional distress on Jessica Esparanza (Doc. # 16, Ex. F). For instance, as to their claims for interference with a business or contract, they argued:

> [D]uring the present lawsuit, Defendants purchased 28 domain names containing Plaintiffs' current and former business names. In order to conceal this activity, Defendants hid their identity when they made these domain name purchases. Defendants clearly knew that their actions were illegal, their purpose was malicious, and such conduct would result in interference with Plaintiff A Metal Source's business.

(Doc. # 16, Ex. F at 7).

Defendants filed a reply brief arguing that their purchase of the domain names was not actionable because A-Metal had not shown that it had lost sales as a result of Defendants' purchase of the domain names. (Doc. # 16, Ex. G). On June 2, 2014, the state court granted Defendants' summary judgment motion in its entirety. (State Court Action, Doc. # 16, Ex. B, June 2 Order). In doing so, the court rejected A-Metal's reliance on the domain name purchases as evidence that Defendants had interfered with Plaintiffs' business, holding that Plaintiffs had not provided any evidence of any actual or even prospective business relationships or contracts with which Defendants had interfered. (Id.) The court also rejected the domain name purchases as evidence supporting an emotional distress claim because it determined that "such an activity does not arise to the level of extreme and outrageous" conduct, which is needed to support such a

claim. ( Id.)

### 3. The Second Federal Action

On May 14, 2014, Plaintiff A Metal Source filed the instant action against Defendants. Plaintiff alleged that Defendants' May 2013 purchase of the domain names constituted cybersquatting and unfair competition in violation of the Lanham Act, 15 USC § 1125(d) and § 1125 (a)(1)(A).  On July 21, 2014, Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the ground that Plaintiff's claims are barred by res judicata (Doc. # 16), and on August 13, 2014, Plaintiff filed an opposition brief (Doc. # 17).

## II. Law & Analysis

Federal courts must give the same preclusive effect to state court judgements that would be given by the court of the state in which the judgment was rendered. *ABS Industries, Inc. v. Fifth Third Bank,* 333 Fed. Appx. 994, 997 (6th Cir. 2009) (unpublished opinion).  To determine what preclusive effect a state would give its judgment, federal courts look to that state's law. *Id.* Under Ohio law, "' a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Id.* at 998.  (quoting *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995)).  Res judicata consists of four elements in Ohio: "'(1) [A] prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.' " *Id.*  (quoting *Portage County Bd. of Comm'rs v. City of Akron*, 109 Ohio St.3d 106, 846 N.E.2d 478, 495 (2006)).

Here, all four elements are present.

First, on June 2, 2014, the state court entered a final decision on the merits when it granted summary judgment in favor of Defendants on all of Plaintiff's claims.  (Doc. # 16, Ex. B, State Court Docket).

Second, this action involves the same parties as the State Action.  The only Plaintiff in this case, A Metal Source, LLC, was also a plaintiff in the State Action.  In addition, the defendants in this case, All Metal and Thomas G. Klocker, were also defendants in the State Action.

Third, this action raises claims that A-Metal could have raised in the State Action.  As Defendants point out, Ohio courts have concurrent jurisdiction over Lanham Act claims.  *See Keith A. Keisser Ins. Agency, Inc. v. Nationwide Mut. Ins. Co.,* 246 F. Supp. 2d 833, 836 (N.D. Ohio 2003) (noting that "Ohio courts have concurrent jurisdiction" over Lanham Act claims) (citations omitted).  In its opposition brief, Plaintiff contends that it did not have an opportunity to bring claims under the Lanham Act in the State Action.  (Doc. # 17, p. 4).  The basis for Plaintiff's assertion appears to be twofold.  First, Plaintiff notes that discovery had ended by the time Ms. Esparanza confirmed that Defendants had registered the domain names.  Second, according to Plaintiff, Defendants' counsel refused to agree to Plaintiff filling an amended complaint.  Despite Plaintiff's assertions, it could have raised claims under the Lanham Act in the State Action.  By Plaintiff's own admission,  when Ms. Esparanza discovered the purchase of the domain names in November or December of 2013, prior the close of discovery, she "had reason to believe that Defendants had maliciously registered the domains names."  (Doc. # 17, p. 4).  Therefore, Plaintiff could have, upon discovering the purchase of the domain names, filed a

motion for leave to amend its complaint. *See Findlay Ford Lincoln Mercury v. Huffman,* 2004-Ohio-2797, 2004 WL 1192080, * 4 (2004) (citing Ohio Civ. R. 11) (noting that in signing a pleading an attorney or party certifies that there is "good grounds to support the pleading to the best of his or her knowledge, information and belief"); *see also* Ohio Civ. R. 15 (A) (providing that a party may amend its pleading once as a matter of course, and that "in all other cases" a party may amend its pleading only with the opposing party's written consent or the court's leave, which the court shall freely give "when justice so requires").

Finally, the fourth element of the res judicata analysis is also present in this case; this case arises out of the transaction or occurrence that was the subject matter of the State Action. Ohio courts define "transaction" as a "common nucleus of operative facts." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995) (quoting Restatement (Second) of Judgments § 24 cmt. b (1982)). In the State Action, three of Plaintiffs' claims were based, in part, on the same facts that this case is based on – Defendants' May 2013 domain name purchases.

Plaintiff argues that because Defendants registered the infringing domain names in May of 2013, after Plaintiff filed her initial complaint, Defendants cannot establish the third or fourth element of the res judicata analysis. In support, Plaintiff cites case law for the proposition that res judicata does not bar claims that were not ripe for review; claims based on conduct that occurred after the plaintiff initiated the earlier action. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F. 3d 521, 529-30 (6th Cir. 2006) (finding that the district court erroneously dismissed plaintiff's claim on res judicata grounds because plaintiff's claim was based on "post-complaint" conduct).

Plaintiff, in relying on this proposition, fails to recognize an important factual distinction between the cases it cites and the facts in this case.  In the State Action, Plaintiffs did in fact litigate claims that were based, in part, on the conduct that occurred after they filed their complaint.  As noted above, in Plaintiffs' brief opposing Defendants' motion for summary judgment in the State Action, Plaintiffs argued that All Metal's May 2013 purchase of the domain names constituted tortious inference with contract, tortious interference with prospective contract and intentional infliction of emotional distress.  Plaintiff in this case brings federal claims based on the  same conduct, and, in doing so, are engaging in claim-splitting, which is prohibited under Ohio law.  *See Davis v. Sun Oil Co.,* 148 F. 3d 606, 612 (6th Cir. 1998) (construing *Grava Parkman Township,* 73 Ohio St. 3d 379, 653 N.E.2d 226, 229 (1995), as having adopted Section 26 of the Restatements of Judgments (2d), which precludes claim-splitting except where "the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein").  In *Longstreth v. Franklin County Children Services,* the Sixth Circuit held that because federal and state courts have concurrent jurisdiction over § 1983 actions, the plaintiffs could not litigate some of their claims in state court, and some in federal court:

> Federal courts do not have exclusive jurisdiction over § 1983 actions;
> rather, federal and state courts have concurrent jurisdiction over
> §1983 actions.  Thus, nothing in this situation required the plaintiffs to
> split their claims between state and federal court. In this instance,
> plaintiffs, for whatever reason, tactical or otherwise, split their claims
> between state and federal court. It is this decision on the part of
> plaintiffs which makes the res judicata bar applicable in this case.
> There is nothing unfair or manifestly unjust in making plaintiffs bear
> the consequences of their own decision to bring their claims separately
> in state and federal court. This is particularly true where, as here,
> plaintiffs' decision to split their claims flies in the face of the policy
> considerations underlying Ohio's doctrine of res judicata-the saving of

>time and court congestion by encouraging parties to litigate all their
>claims in one action unless confusion and prejudice would result.

*Longstreth,* 1993 WL 533484, *6 (6th Cir. Dec. 21, 1993) (unpublished opinion) (citation omitted).  The same rationale applies here.  While Plaintiff was not required to make Defendants' cybersquatting part of the State Action, it voluntarily chose to do so.  Having lost in state court, res judicata precludes Plaintiff from recasting the same conduct as a federal claim.  Accordingly,  Plaintiff's Lanham Act claims, which are based on the same conduct as some of its claims in the State Action, are barred by res judicata.

Plaintiff argues that applying res judicata to this case "would defeat the ends of justice" because doing so will "shield Defendants from liability for their additional, ongoing, and future misconduct."  (Doc. # 17 at 12).  To the contrary, as it relates to this case, res judicata only bars Plaintiffs from bringing an action based on Defendants' May 2013 purchase of the 28 domain names.  Res judicata does not bar Plaintiff from bringing an action that is based on any future conduct by Defendants.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss pursuant to FRCP 12(b)(6).

**IT IS SO ORDERED.**

                                          */s/ Dan A. Polster 8/26/14*
                                          **Dan Aaron Polster**
                                          **United States District Judge**